# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 30, 2025 Session

## JULIE ANN FLEMING v. DAVID FLEMING

**Appeal from the Chancery Court for Williamson County**
**No. 24CV-53233     Erin Nations, Judge**

_____

### No. M2024-01522-COA-R3-CV

_____

This is an appeal from a divorce with no minor children. Appellant claims that the trial court erred in multiple ways when classifying and distributing the marital estate. Appellant has waived these arguments, however, by failing to comply with this Court's briefing requirements. Appellant also asserts that the trial court erred in granting Appellee attorney's fees when she did not request such an award in her complaint. Upon review, we determine that the trial court's reasoning for awarding attorney's fees over Appellant's objection is unclear. We therefore vacate trial court's judgment as to Appellee's attorney's fees and remand the matter for reconsideration in accordance with Rule 52.01 of the Tennessee Rules of Civil Procedure. We affirm the remainder of the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Vacated in Part; and Remanded**

VALERIE L. SMITH, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Courtney Lutz Creal, Nashville, Tennessee; and Matthew J. Crigger, Franklin, Tennessee, for the appellant, David Fleming.

C. Diane Crosier and Hannah R. Ellis, Franklin, Tennessee, for the appellee, Julie Ann Fleming.

# MEMORANDUM OPINION[1]

## I. FACTS AND PROCEDURAL HISTORY

Appellant, David Fleming ("Husband"), and Appellee, Julie Ann Fleming ("Wife"), married on July 31, 2022. After less than two years of marriage, Wife filed a complaint for divorce. Therein, Wife alleged irreconcilable differences and inappropriate marital conduct as grounds for divorce. Her requests for relief included that she be awarded a legal separation or divorce from Husband; that the court either approve an agreement of the parties or make "an equitable distribution of the parties' monthly expenses, assets, and debts"; and that the court award her "such other, further, and general relief as to which she may be entitled." Wife subsequently filed a motion requesting exclusive use of the marital home, in which she requested an award of "attorney's fees incurred in  bringing this motion." On February 26, 2024, the court granted Wife's motion over Husband's objection but made no award of attorney's fees at that time.

Following an unsuccessful attempt at mediation by the parties, Husband filed an answer to Wife's complaint on August 8, 2024. He agreed that the parties had irreconcilable differences but denied any inappropriate marital conduct. Husband's requested relief was for the court to equitably divide the marital estate between the parties and tax the costs of the litigation Wife. Five days before trial, on August 9, 2024, Wife submitted her pre-trial list of potential witnesses and exhibits. This list included an exhibit of "Wife's Attorney Fee Affidavit" although she had not requested an award of attorney's fees in her complaint.

The case was tried on August 14, 2024, and the court took the matter under advisement. On September 25, 2024, the trial court entered a Memorandum and Order that, in relevant part, granted Wife a divorce from Husband; identified, classified, and divided the marital estate; entered a judgment against Husband and in favor of Wife in

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the amount of $22,698.50; and granted Wife attorney's fees in the amount of $31,407.50. Husband timely appealed the trial court's judgment to this Court.


## II. ISSUES PRESENTED

Appellant presents the following issues for this Court's review:

1. Whether this Court should reverse the Trial Court's holding due to its failure to properly classify debt as marital or separate.

2. Whether this Court should reverse the Trial Court's holding based on its failure to apply the four-factor test to determine the equitable division of debt that is deemed marital.

3. Whether this Court should reverse the Trial Court's holding that Appellant David Fleming ("Husband") reimburse Appellee Julie Ann Fleming ("Wife") a total of $20,546.00 for expenses Wife put on a Home Equity Line of Credit ("HELOC") and gifted to Husband.

4. Whether this Court should reverse the Trial Court's holding that Husband reimburse Wife a total of $20,546.00 for the expenses placed on the HELOC while failing to consider the labor and materials Husband expended for the upkeep of the Marital Residence.

5. Whether the Court should reverse the Trial Court's ruling that Husband pay Wife's attorney's fees totaling $31,407.50 when Wife did not request attorney's fees in her Complaint, failed to amend her Complaint prior to trial to request attorney's fees, and ambushed Husband with an attorney's fees request mere days before the trial.

6. Whether the Trial Court erred in awarding Wife the entirety of her attorney's fees because they were unreasonable given the amount in controversy in the divorce.

7. Whether Husband should be awarded his attorney's fees on appeal.


Appellee also requests that this Court award her attorney's fees incurred in this appeal.

## III. DISCUSSION

A. Waiver of Property Division Issues

The first four issues raised by Husband in his brief are allegations that the trial court erred in various ways in its classification and distribution of the parties' marital estate. We do not reach the merits of these issues, however, due to Husband's failure to provide this Court with the information necessary to facilitate appellate review of his assertions. Tennessee Court of Appeals Rule 7 sets forth requirements specific to "Briefs in Domestic Relations Cases." Specifically, the rule provides:

(a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, **the brief of the party raising the issue shall contain**, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

(c) If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief, or in a reply brief if the issue was raised by opposing counsel after counsel filed his or her initial brief, a similar table containing counsel's version of the facts.

Tenn. R. App. Ct. Rule 7 (emphasis added). As referenced in subsection (a) above, Rule 7 also includes a form table that can be completed and submitted with one's brief.

This Court may, in its discretion, choose to proceed to the merits of property division matters in domestic relations cases even when an appellant has failed to provide a Rule 7 table. *See* Tenn. Ct. App. R. 1(b) ("For good cause, including the interest of expediting a decision upon any matter, this Court, or the panel assigned to hear a particular case, may suspend the requirements or provisions of any of these rules in a particular case on motion of a party, or on its own motion, and may order proceedings in

- 4 -

accordance with its discretion."). We acknowledge this Court's "preference that cases be decided on their merits." *Green v. Green*, No. M2011-00840-COA-R3-CV, 2012 WL 2389607, at *3 (Tenn. Ct. App. June 25, 2012) (considering property division despite non-compliance with Rule 7 when a Rule 7 table would have been of limited use to the resolution of the issues on appeal).

When reviewing property issues on appeal in this case, however, we determine that this is not a scenario in which a Rule 7 table would have been of limited use.

> Valuation and division of property are perhaps two of the most complicated decisions a trial court must make in a divorce proceeding. Often when these issues are appealed, the record consists of volumes of trial transcripts and exhibits. Therefore, it is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the *entire* distribution of property in order to determine whether the trial court erred. *Watters v. Watters,* 959 S.W.2d 585, 591 (Tenn. Ct. App. 1997). Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper. *Slaughter,* 2008 WL 1970491 at *2 (citations omitted).

*Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010). Husband argues that the trial court erred in classifying the parties' property and debt as marital or separate – with classification being the foundation upon which the rest of the court's analysis is conducted. Husband urges this Court to review the propriety of the trial court's decision in a case where the only issues were property-related. As stated in *Harden*, "this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or the distribution may be improper," and we decline to do so here. Upon due consideration, we determine that Husband's non-compliance with Rule 7 constitutes waiver of his issues related to the trial court's classification and distribution of the marital estate.[2]

---

[2] Specifically, Husband's Issue 1, Issue 2, Issue 3, and Issue 4 are waived.

B.  Award of Attorney's Fees to Wife

Husband next presents two issues disputing the trial court's judgment against him for the payment of Wife's attorney's fees.  First, Husband argues that Wife is not entitled to an award of any fees because she did not request them in her complaint or amend her complaint prior to trial to request attorney's fees. Husband claims that he was "ambushed" at trial by Wife's request for attorney's fees, learning of such a request "mere days" before the trial in this matter.[3] Second, Husband claims that the court erred in calculating the amount of attorney's fees.

Relevant to Wife's request for attorney's fees, the trial court's order states:

> Wife seeks an award of her reasonable attorney fees. Husband objects to the granting of attorney fees, contending Wife's complaint did not make a request for attorney fees. In response, Wife claims that a general prayer for relief can sustain a claim for attorney fees.

Tennessee Code Annotated, Section 36-4-121(b)(1)(B) states as follows:

> (b) As used in this chapter:
> (1) "Marital debt":
> (A) . . .
> (B) Includes debt incurred to pay attorney fees and expenses incurred in connection with the proceedings, and unpaid attorney fees and expenses incurred in connection with the proceedings through the date of the final hearing and any proceedings brought pursuant to Rule 59 of the Tennessee Rules of Civil Procedure.

Wife did not make a specific request for an award of her attorney fees in her *Complaint for Legal Separation or in the Alternative, Divorce*. However, Wife did make a general prayer for relief in her *Complaint*.  The Court is tasked with the division of martial debt, and Wife's attorney fees in

---

[3] We acknowledge that while attorney's fees were not pled in the complaint, Husband was on notice of some of Wife's interim requests for fees, which constitute a portion of the fees ultimately granted. Specifically, attorney's fees were requested in Wife's February 9 Motion for Exclusive Possession of the Marital Estate and her February 13 Motion for Scheduling Order and to Waive Mediation. Our review of trial court Exhibit 9 includes billing entries for preparation and court appearances for those motions.

this case appear to be the only such debt. Accordingly, the Court is tasked with allocating the payment of Wife's attorney fees.[4]

In essence, the trial court acknowledged Husband's objections Wife's request for attorney's fees but concluded that Wife's prayer for general relief in her complaint was sufficient. However, it is difficult to discern the trial court's basis for this conclusion. Tennessee Rule of Civil Procedure 52.01 requires that "in all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law." Tenn. R. Civ. P. 52.01. "The underlying rationale for this mandate is that it facilitates appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision." *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015). "[I]n the absence of findings of fact and conclusions of law, this court is left to wonder on what basis the court reached its ultimate decision." *Trezevant v. Collierville Auto Ctr., Inc.,* No. W2024-01907-COA-R3-CV, 2026 WL 1034775, at *7 (Tenn. Ct. App. Apr. 16, 2026) (citation omitted).

Here, the trial court's order lacks the specificity required by Rule 52.01 in order for this Court to review its conclusion that Wife is entitled to attorney's fees despite her failure to seek such an award in her complaint, as well as the amount of the attorney's fees awarded.[5] As such, we vacate the portion of the trial court's judgment awarding Wife a judgment against Husband in the amount of $31,407.50 in attorney's fees and expenses, and we remand this matter for further consideration and explanation in accordance with Rule 52.01.

C. Attorney's Fees on Appeal

Finally, both parties seek an award of attorney's fees on appeal while objecting to the other's request. The decision of whether to award attorney's fees on appeal is within the sound discretion of this Court. *See Colley v. Colley*, 715 S.W.3d 293, 309 (Tenn. 2025) (discussing the availability attorney's fees on appeal under Tenn. Code Ann. § 36-

---

[4] Citing *Luplow v. Luplow*, 450 S.W.3d 105, 119 (Tenn. Ct. App. 2014), the court then observed that "[a]ttorney fees in a divorce proceeding may be awarded in the form of *alimony in solido*," and that "[a]llocating responsibility for the payment of unpaid attorney fees incurred in litigation set forth in Tenn. Code Ann. § 36-4-121(i)(1)-(2). Ultimately, the court determined that Husband was "the best party to repay these attorney fees," noting that Husband had dissipated marital assets and hidden portions of his income. As a result, the trial court entered "a judgment against Husband in favor of Wife in the amount of $31,407.50 for Wife's reasonable attorney fees and expenses."

[5] In addition, it is unclear whether the court intended Husband to pay for Wife's attorney's fees as a portion of the marital debt or as an award of *alimony in solido* in favor of Wife.

5-103(c)); *Chaffin v. Ellis*, 211 S.W.3d 264, 294 (Tenn. Ct. App. 2006). Upon due consideration, we respectfully decline to award appellate attorney's fees to either party.

## IV. CONCLUSION

For the reasons set forth herein, the judgment of the trial court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this Opinion. Both parties' requests for attorney's fees on appeal are denied. Costs of this appeal are taxed one-half to Appellant, David Fleming, and one-half to Appellee, Julie Ann Fleming, for which execution may issue, if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE